E-FILED
Monday, 03 November, 2025 12:39:11 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| **MICHEAL DICKERSON** on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**INTERSTATE BACKGROUND RESEARCH, INC.,**<br><br>Defendant. | Case No.: 4:25-cv-4198<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION** |

**<u>CLASS ACTION COMPLAINT</u>**

Plaintiff Micheal Dickerson ("**Plaintiff**"), by the undersigned attorneys, on his own behalf and behalf of all others similarly situated, upon personal knowledge with respect to himself, and upon information and belief as to all other matters, brings this class action against Defendant Interstate Background Research, Inc. ("**Defendant**"), pursuant to the Fair Credit Reporting Act ("**FCRA**"), 15 U.S.C. § 1681 *et seq*., and alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1. The need for consumer reporting agencies to adopt reasonable procedures to ensure that the information they disseminate is accurate, up-to-date, and furnished only to users for legally permissible purposes is more critical than ever. Today, approximately three billion consumer credit reports are issued annually in the United States. Moreover, every month, credit reporting agencies receive roughly 1.3 billion updates regarding 200+ million consumer files—an average of fifteen changes per file. National Consumer Law Center, *Fair Credit Reporting* § 1.2.2 (10th ed. 2022), *updated at* www.nclc.org/library.

2. In enacting the FCRA in 1970, Congress expressly acknowledged "[t]here is a need

to insure *(sic)* that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

3. Congress was particularly concerned with the expanding practice of "credit reporting," noting in a Senate Report accompanying the new legislation that a consumer's future employment could be jeopardized by an incomplete (or otherwise erroneous) credit or consumer report. S. Report 91-517, at 4 (1970).

4. Consequently, prior to providing a consumer report to an employer, the FCRA now requires consumer reporting agencies to: (i) make a reasonable effort to verify the identity of a new prospective user of the information and the uses certified by such prospective user; and (ii) follow reasonable procedures designed to assure maximum possible accuracy of the information in the consumer report. *See* 15 U.S.C. § 1681e(a) and (b).

5. Moreover, at the time such public record information is reported to the user of such consumer report, the FCRA requires consumer reporting agencies to notify the consumer that such information is being reported. *See* 15 U.S.C. § 1681k.[1]

6. Despite these and other prohibitions, Defendant violated the FCRA by, *inter alia*: (i) failing to contemporaneously notify Plaintiff and other consumers of Defendant's reporting of public record information to end users; and (ii) producing consumer reports regarding Plaintiff and other consumers that were incomplete, inaccurate, and/or misleading.

7. Upon information and belief, Defendant's actions were taken according to company policy and procedure in violation of the FCRA and affect each proposed class member. As such, Plaintiff, on his own behalf and behalf of all others similarly situated, files this Class

[1] Relatedly, the FCRA requires consumer reporting agencies to clearly and accurately disclose all information in a consumer's file at the time of a consumer's request. *See* 15 U.S.C. §1681g.

Action Complaint seeking statutory damages, punitive damages, costs and attorneys' fees, and all other relief available pursuant to the FCRA.

**PARTIES**

8. Plaintiff Micheal Dickerson is, and was at all relevant times, a resident of Illinois. Plaintiff was the subject of a consumer report[2] produced by Defendant for employment purposes.

9. Defendant, a consumer reporting agency[3] as defined by the FCRA, is engaged in the business of producing consumer reports for employment purposes and can be served through its registered agent, Eileen Holohan, 415 S Pinellas Ave, Tarpon Springs, FL 34689. Upon information and belief, Defendant has produced more than 500 consumer reports for employment purposes in the past two years.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States.

11. This Court has personal jurisdiction over Defendant because Defendant's contacts with this District are so continuous and systematic as to render Defendant essentially at home in this District. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)

---

[2] The FCRA defines "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for …(B) employment purposes[.]" 15 U.S.C. § 1681(d)(1)(B).

[3] The FCRA defines "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681(a)(f).

(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this District, and Defendant is subject to personal jurisdiction here.

**LEGAL AUTHORITY**

13. The FCRA is "undeniably a remedial statute that must be read in a liberal manner in order to effectuate the congressional intent underlying it." *Cortez v. TransUnion*, 617 F.3d 688, 722 (3d Cir. 2010).

14. Section 1681e(a) of the FCRA requires that consumer reporting agencies, *inter alia*, "maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S.C. § 1681e(a). It further states:

> These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

*Id*.

15. Section 1681e(b) of the FCRA requires consumer reporting agencies to satisfy the following standard when producing consumer reports:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b).

16. In demanding maximum possible accuracy, the FCRA recognizes the significant

impact of consumer reports on consumers, as well as ensures the procedures used to prepare the reports by consumer reporting agencies will be reasonable.

17. Courts recognize two forms of inaccurate information in consumer reports: (i) patently inaccurate information; and (ii) materially misleading information. Information is "materially misleading" if it is misleading in such a way and to such an extent that it can be expected to adversely affect employment decisions.

18. Section 1681k of the FCRA requires consumer reporting agencies that furnish consumer reports for employment purposes which contain matters of public record likely to have an adverse effect on the ability of consumers to obtain employment to:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>
> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

15 U.S.C. § 1681k.[4]

19. In summary, in conjunction with and contemporaneous to their reporting of public record information to end users, 15 U.S.C. § 1681k demands that consumer reporting agencies: (i) notify consumers that such information has been reported; and (ii) maintain and follow strict

[4] Moreover, should they directly or indirectly receive notice from a consumer that the consumer's file contains incomplete and/or inaccurate information, consumer reporting agencies must conduct a reasonable investigation within 30 days at no cost to the consumer. *See* 15 U.S.C §1681i(a)(1)(A). The information must be deleted from the consumer's file if found to be inaccurate. *Id*.

procedures designed to ensure the information is both accurate and complete. *See id*.

## FACTUAL ALLEGATIONS

20. Defendant produces background screening and other consumer reports for end users for employment purposes for a fee. The consumer reports produced by Defendant contain items which are matters of public record and are likely to have an adverse effect on a consumer's ability to obtain employment.

21. Upon information and belief, Defendant knows it must comply with the FCRA in producing and providing consumer reports.

22. Plaintiff applied for employment with an end user, American Income Life Insurance Company ("AILIC"), in Illinois. Upon information and belief, a written agreement addressing the production of consumer reports exists between Defendant and AILIC which requires Defendant to produce reports that comply with the FCRA.

23. Plaintiff was offered employment with AILIC in February of 2025.

24. Defendant subsequently provided AILIC with a consumer report concerning Plaintiff for employment purposes ("Consumer Report").

25. Defendant produced Plaintiff's Consumer Report within twenty-four hours after AILIC placed the order.

26. Defendant's website states that the company produces consumers reports immediately or within 72 hours after receiving an order from the end user.

27. Plaintiff's job offer was withdrawn after AILIC received a copy of the Consumer Report produced by Defendant.

28. The Consumer Report produced by Defendant contains both patent and materially misleading inaccuracies.

29. Plaintiff's Consumer Report states that Plaintiff pled guilty to "Manufacture/Delivery 1<15 Grams Fentanyl/Analog (Felony)."

30. Plaintiff did not plead guilty to the Manufacture/Delivery felony charge, as that charge was dismissed by the State of Illinois.

31. Plaintiff did plead guilty to a lesser possession charge and received probation.

32. Defendant failed to maintain reasonable procedures designed to achieve maximum possible accuracy of the information contained in Plaintiff's Consumer Report.

33. Defendant failed to maintain strict procedures designed to ensure that the information regarding Plaintiff's probation was complete and up to date.

34. Plaintiff's probation was extended but the report produced by Defendant shows that Plaintiff received a new probation sentence in 2024.

35. Plaintiff's report represented that Plaintiff served 180 days in jail, but if the report was complete and up to date it would state that the 180 days of jail time was suspended.

36. Including information in the Consumer Report stating that Plaintiff pled guilty to a felony charge that was dismissed is patently inaccurate.

37. Plaintiff's Consumer Report also inaccurately lists the same criminal charges multiple times.

38. Listing the same criminal charges multiple times in the Consumer Report is materially misleading in that it erroneously exaggerates Plaintiff's limited criminal history.

39. Plaintiff's Consumer Report was completed twenty-four hours after request by AILIC.

40. The Consumer Report produced by Defendant omits information that a reasonable employer would need to know when making an employment decision.

41. The omission of relevant information in the Consumer Report produced by Defendant misrepresents Plaintiff's character.

42. If the Consumer Report produced by Defendant was complete and up to date, it would have included accurate information regarding Plaintiff's probation and criminal history.

43. The Consumer Report produced by Defendant contains patently inaccurate and materially misleading information.

44. The Consumer Report produced by Defendant, is inaccurate, materially misleading, incomplete, and not up to date. Therefore, Defendant's production of the Consumer Report violates 15 U.S.C. §1681e(b) and 15 U.S.C. §1681k.

45. The inaccurate reporting of criminal information and the repeated inclusion of the same charges in the Consumer Report produced by Defendant is evidence that Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff in violation of 15 U.S.C. § 1681e(b).

46. The omission of relevant information from the Consumer Report produced by Defendant is evidence that Defendant failed to utilize strict procedures to ensure that Plaintiff's information was complete and up to date in violation of 15 U.S.C. § 1681k.

47. Defendant failed to provide Plaintiff with contemporaneous notice that public information likely to have an adverse effect on Plaintiff's employment was being provided to AILIC prior to, or contemporaneously with, the release of the adverse information.

48. Plaintiff was unaware that Defendant had reported potentially adverse information to AILIC prior to receiving notice of the adverse action.

49. As a result, Plaintiff had no opportunity to explain or correct the adverse information prior to Defendant providing it to AILIC and/or other potential employers.

50. The Consumer Report produced by Defendant damaged Plaintiff's livelihood.

51. The Consumer Report produced by Defendant caused Plaintiff to lose a job opportunity and wages that Plaintiff would have otherwise earned.

52. The Consumer Report produced by Defendant harmed Plaintiff's reputation, as society holds negative views of convicted drug dealers.

53. The manner in which the Defendant created Plaintiff's Consumer Report is consistent with Defendant's policies and procedures for creating consumer reports for employment purposes.

54. Defendant's failure to provide Plaintiff with contemporaneous notice that matters of public information likely to have an adverse effect on Plaintiff's ability to obtain employment were being provided to prospective employers is consistent with Defendant's policies and procedures for providing notice to consumers.

55. Defendant's production of Plaintiff's Consumer Report within twenty-four hours creates an inference that strict nor reasonable procedures were not used when producing consumer reports.

56. Defendant's violations of the FCRA, combined with its knowledge of the requirements of the FCRA, are evidence that Defendant was in negligent and reckless disregard of the law.

57. Defendant's actions fundamentally undermined the fairness and transparency the FCRA was designed to protect and caused Plaintiff to suffer both tangible losses (including the loss of a good salary and benefits) and intangible injuries (such as loss of dignity, uncertainty about the future, harm to reputation, and frustration over being denied a fair process).

## CLASS ACTION ALLEGATIONS

58. **Class Definitions**: Pursuant to Federal Rule of Civil Procedure 23, Plaintiff proposes the following class definitions:

> **15 U.S.C. § 1681e(b) Class:** All individuals who were the subject of one or more consumer reports that inaccurately reported their criminal history for the period of the previous two years prior to the date of filing, through the conclusion of this matter.
>
> **15 U.S.C. § 1681k Class:** All individuals who were the subject of one or more consumer reports in which Defendant included matters of public record that were likely to have an adverse effect upon a consumer's ability to obtain employment without giving prior or contemporaneous notice as required by 15 U.S.C. § 1681k(a)(1), or maintaining strict procedures as required by 15 U.S.C. § 1681k(a)(2), for the period of the previous two years prior to the date of filing, through the conclusion of this matter.

59. As used herein, the term "Proposed Classes" shall refer to the aforementioned putative classes.

60. Plaintiff reserves the right to amend the class definitions before the Court determines whether certification is appropriate, if discovery or further investigation reveals that the Proposed Classes should be expanded or otherwise modified.

61. Excluded from the Proposed Classes are: (i) Defendant, its parents, subsidiaries, affiliates, officers, and directors; (ii) those who make a timely election to be excluded from the Proposed Classes, and (iii) any member of the judiciary presiding over this action.

62. **Numerosity**: The Proposed Classes are so numerous that joinder of all members of each class is impracticable. Defendant routinely produces consumer reports on individuals to end users for employment purposes. In doing so, Defendant fails to comply with the certification, accuracy, and notice mandates of the FCRA. Upon information and belief, Defendant has produced more than 500 consumer reports using the same policies and procedures during the relevant period. Accordingly, Plaintiff estimates that at least 100 individuals would fall within the

definitions of the Proposed Classes during the relevant time period. Members of the Proposed Classes can be identified through Defendant's records.

63. **Common Questions of Law and Fact**: Virtually all issues of law and fact in this class action predominate over any questions affecting individual members of the Proposed Classes. The questions of law and fact common to the Proposed Classes include:

a. Whether Defendant maintains reasonable procedures that are designed to ensure maximum possible accuracy in the consumer reports produced;

b. Whether Defendant produced reports that contain inaccuracies in violation of 15 U.S.C. § 1681e(b);

c. Whether Defendant failed to provide proper notice or maintain strict procedures designed to ensure information was complete and up to date;

d. Whether Defendant's violations of the FCRA were in negligent and/or reckless disregard of the FCRA; and

e. The proper measure of damages.

64. **Typicality**: Plaintiff's claims are typical of the members of the Proposed Classes in that Plaintiff is entitled to relief under the same causes of action and upon the same facts. Defendant is a consumer reporting agency that produces consumer reports to end users. Defendant produces the reports in violation of the mandates of the FCRA. Accordingly, the FCRA violations suffered by Plaintiff are typical of those suffered by other members of the Proposed Classes. Finally, Defendant treated Plaintiff consistent with other members of the Proposed Classes in accordance with Defendant's standard policies and practices.

65. **Common Questions of Law and Fact**: Virtually all issues of law and fact in this class action predominate over any questions affecting individual members of the Proposed Classes. The questions of law and fact common to the Proposed Classes include:

a. Whether Defendant maintains reasonable procedures that are designed to ensure maximum possible accuracy in the consumer reports produced;

b. Whether Defendant produced reports that contain inaccuracies in violation of 15 U.S.C. § 1681e(b);

c. Whether Defendant failed to provide proper notice or maintain strict procedures designed to ensure information was complete and up to date;

d. Whether Defendant's violations of the FCRA were in negligent and/or reckless disregard of the FCRA; and

e. The proper measure of damages.

66. **Adequacy of Representation**: Plaintiff is an adequate representative of the Proposed Classes because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the members of the Proposed Classes. Plaintiff has retained attorneys competent and experienced in FCRA class action litigation. Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of all members of the Proposed Classes.

67. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. Moreover, questions of law and fact common to the members of the Proposed Classes overwhelmingly predominate over individual questions that may arise. Specifically, Defendant's conduct as described herein stems from common and uniform policies and practices which resulted in common violations of the FCRA.

68. Even if members of the Proposed Classes were able or willing to pursue individual cases, a class action would still be preferable given that a multiplicity of individual actions would likely increase the expense and time of litigation in light of the complex legal and factual controversies presented. Conversely, a class action provides the benefits of fewer management

difficulties, single adjudication, economy of scale, and comprehensive supervision before a single trier of fact, and would result in reduced time, effort, and expense for all parties and the Court, and ultimately, the uniformity of decisions.

69. Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, and all other relief available pursuant to the FCRA on behalf of all members of the Proposed Classes.

70. Plaintiff intends to send notice to all members of the Proposed Classes to the extent required by Fed. R. Civ. P. 23. The names and addresses of the members can be identified through Defendant's records.

**COUNT I**
**15 U.S.C § 1681e(b) VIOLATIONS**
**(On Behalf of Plaintiff and the 15 U.S.C. § 1681e(b) Class)**

71. Plaintiff incorporates the foregoing paragraphs 13-70 of this Class Action Complaint as if fully set forth herein.

72. The consumer reports produced by Defendant regarding Plaintiff and the 15 U.S.C. § 1681e(b) Class contained information that was patently inaccurate and materially misleading.

73. A reasonable employer would be confused by the consumer reports produced by Defendant regarding Plaintiff and the 15 U.S.C. § 1681e(b) Class.

74. The consumer reports produced by Defendant regarding Plaintiff and the 15 U.S.C. § 1681e(b) Class casts them in a false light.

75. The consumer reports prepared by Defendant regarding Plaintiff and the 15 U.S.C. § 1681e(b) Class falsely reported their criminal history.

76. A reasonable employer would consider an applicant's criminal history when evaluating the applicant for a job.

77. Defendant's inaccurate and misleading consumer reports cast Plaintiff and the 15

U.S.C. § 1681e(b) Class in a more unfavorable light than they would have been if Defendant had complied with the FCRA.

78. Defendant's violations of the FCRA were negligent and/or reckless.

79. Defendant's negligent and/or reckless conduct is reflected by, among other things, the following facts:

a. Defendant has access to legal advice;

b. Defendant had access to public information that proved the consumer reports regarding Plaintiff and the 15 U.S.C. § 1681e(b) Class were inaccurate and misleading;

c. Defendant produced consumer reports concerning Plaintiff and the 15 U.S.C. § 1681e(b) Class that omitted information which would have been beneficial to them; and

d. Defendant committed multiple violations of the FCRA by producing consumer reports regarding Plaintiff and the 15 U.S.C. § 1681e(b) Class that were inaccurate.

80. Plaintiff and the 15 U.S.C. § 1681e(b) Class are entitled to statutory damages of not less than $100 and not more than $1000 for each of Defendant's violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

81. Plaintiff and the 15 U.S.C. § 1681e(b) Class are also entitled to punitive damages for Defendant's violations pursuant to 15 U.S.C. §1681n(a)(2).

82. Plaintiff and the 15 U.S.C. § 1681e(b) Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3).

**COUNT II**
**<u>15 U.S.C § 1681k VIOLATIONS</u>**
**(On Behalf of Plaintiff and the 15 U.S.C. § 1681k Class)**

83. Plaintiff incorporates the foregoing paragraphs 13-70 of this Class Action Complaint as if fully set forth herein.

84. The FCRA mandates that a consumer reporting agency furnishing a consumer report for employment purposes: (i) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or (ii) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

85. Upon information and belief, Defendant has no practice by which it provides contemporaneous notice to consumers when Defendant reports public record information to the user of its consumer reports.

86. Upon information and belief, Defendant has no strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, the information is complete and up to date.

87. The consumer reports regarding Plaintiff and the 15 U.S.C. § 1681k Class were not complete and up to date.

88. The consumer reports regarding Plaintiff and the 15 U.S.C. § 1681k Class failed to report the early termination of probation.

89. The consumer reports regarding Plaintiff and the 15 U.S.C. § 1681k Class failed to properly report that criminal charges were dismissed.

90. The manner in which the consumer reports regarding Plaintiff and the 15 U.S.C. § 1681k Class were produced is consistent with Defendant's policies and procedures.

91. Failing to provide Plaintiff and the 15 U.S.C. § 1681k Class with contemporaneous notice that matters of public information likely to have an adverse effect on their ability to obtain

employment is being provided to prospective employers deprives them of the opportunity to proactively address the forthcoming information.

92. Defendant's failure to comply with the provisions of 15 U.S.C. § 1681k threatens the livelihood of consumers.

93. Defendant's negligent and/or reckless conduct is reflected by, among other things, the following facts:

a. Defendant has access to legal advice;

b. Defendant had access to public information that proved the consumer reports regarding Plaintiff and the 15 U.S.C. §1681k Class were not complete and up to date; and

c. Defendant committed multiple violations of the FCRA by producing consumer reports regarding Plaintiff and the 15 U.S.C. § 1681k Class without use of strict procedures.

94. Plaintiff and the 15 U.S.C. § 1681k Class are entitled to statutory damages of not less than $100 and not more than $1000 for each of Defendant's violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

95. Plaintiff and the 15 U.S.C. § 1681k Class are also entitled to punitive damages for Defendant's violations pursuant to 15 U.S.C. §1681n(a)(2).

96. Plaintiff and the 15 U.S.C. § 1681k Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and those similarly situated, respectfully requests that this Court enter judgment against Defendant as follows:

a. Certifying the 15 U.S.C § 1681e(b) Class and the 15 U.S.C § 1681k Class under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

b. Designating Plaintiff as class representative and designating Plaintiff's

undersigned counsel as counsel for the Proposed Classes;

c. Finding that Defendant committed multiple, separate violations of the FCRA as to each Proposed Class Member;

d. Finding that Defendant negligently or recklessly violated the provisions of the FCRA.

e. Finding that Defendant acted negligently and/or in deliberate or reckless disregard of Defendants' obligations under the FCRA and the rights of Plaintiff and the Proposed Classes;

f. Awarding statutory damages as provided by the FCRA;

g. Awarding punitive damages as provided by the FCRA;

h. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

i. Granting other and further relief, in law or equity, as this Court may deem just, equitable, and/or appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all Counts so triable.

Respectfully submitted,
By: /s/ *Jayson A. Watkins*

Jayson A. Watkins MO 61434
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Direct: 816-281-7162
Email: jwatkins@sirillp.com

*Attorneys for Plaintiff*